IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re: | * | |
| BARRACK'S ROW ENT GROUP LLC | * | Case No: 14-00167-SMT |
| BARRACKS ROW ENTERTAINMENT LLC | | Case No: 14-00168-SMT |
| CANAL PARK ENTERTAINMENT LLC | * | Case No: 14-00169-SMT |
| EASTERN MARKET ENTERTAINMENT LLC | | Case No: 14-00170-SMT |
| HAWK N' DOVE ENTERTAINMENT LLC | * | Case No: 14-00171-SMT |
| LOLA'S LLC | | Case No: 14-00172-SMT |
| MOLLY MALONE'S LLC | * | Case No: 14-00173-SMT |
| PACIFICO ON EIGHTH LLC | | Case No: 14-00174-SMT |
| SENART'S OYSTER HOUSE LLC | * | Case No: 14-00175-SMT |
| STADIUM SPORTS LLC | | Case No: 14-00176-SMT |
| | * | (Chapter 11) |
| Debtors | | (Joint Administration Requested) |

\* \* \* \* \* \* \* \* \* \* \* \*

DEBTORS' EMERGENCY MOTION FOR ENTRY OF AN
ORDER AUTHORIZING PAYMENT OF PREPETITION
WAGES AND COMPENSATION IN THE ORDINARY COURSE

Barrack's Row Ent Group LLC, Barracks Row Entertainment LLC, Canal Park Entertainment LLC, Eastern Market Entertainment LLC, Hawk n' Dove Entertainment LLC, Lola's LLC, Molly Malone's LLC, Pacifico On Eighth LLC, Senart's Oyster House LLC, and Stadium Sports LLC, the debtors and debtors in possession (the "Debtors"), pursuant to 11 U.S.C. §§ 105(a), 363(b) and 507(a)(4) and (5) (the "Bankruptcy Code"), file this Emergency Motion for Entry of an Order Authorizing Payment of Prepetition Wages and Compensation in the Ordinary Course (the "Motion"). In support of this Motion, the Debtors rely on the Affidavit of Richard Cervera in Support of the Motion (the "Cervera Affidavit"), which is **Exhibit 1** hereto and is incorporated herein by reference. In further support of this Motion, the Debtors state as follows:

Jurisdiction and Venue

1.    This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157(b) and 1334.  This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(A) and (O).

2.    Venue in this Court is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory bases for relief are §§ 105(a) and 507(a)(4) and (5) of the Bankruptcy Code.

Background

**A. Introduction**

4. On March 28, 2014 (the "Petition Date"), each Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code. The Debtors continue to manage and operate their businesses as debtors in possession pursuant to §§ 1107(a) and 1108 of the Bankruptcy Code.

5. On the Petition Date, the Debtors each filed a Motion for Joint Administration seeking to have their cases jointly administered under the case captioned *In re Barrack's Row Ent Group LLC,* Case No: 14-00167-SMT. The motion is currently pending before the Court.

6. No official committee of unsecured creditors has been appointed.

7. No request for a trustee or examiner has been made in these Chapter 11 cases (the "Cases").

**B. Overview of the Debtors' Businesses**

8. The Debtors operate eight restaurants with another restaurant opening shortly in the Capitol Hill neighborhood of Washington, D.C. *See* Cervera Affidavit at ¶5.

9. Barrack's Row Ent Group LLC ("Ent Group") is a Delaware limited liability company with its principal place of business located at 715 G Street S.E., Third Floor, Washington, D.C. 20003. Ent Group is the sole member of the other Debtors. *Id*. at ¶6.

10. Barracks Row Entertainment LLC ("BRE") operates a full-service organic, sustainable and free range restaurant known as The Chesapeake Room. The Chesapeake Room is located at 501 8th Street, S.E., Washington, D.C. 20003. The restaurant is inspired by the Mid-Atlantic waters and farms by offering local and fresh fish and shellfish. Meat, fowl and game offered are local and grown humanely. *Id*. at ¶7.

11. Canal Park Entertainment LLC ("Canal Park") operates a casual tavern known as Park Tavern. Park Tavern is located at 202 M Street, S.E., Washington, D.C. 20003. Park Tavern is committed to great eating and drinking at fair prices. Every dish is made fresh-to-order using local and sustainable ingredients whenever possible. The atmosphere is convivial and uncluttered; a modern design at D.C.'s only restaurant in a park. *Id*. at ¶8.

12. Eastern Market Entertainment LLC ("Eastern Market") operates a cozy neighborhood restaurant known as Boxcar Tavern. Boxcar Tavern is located at 224 7th St., S.E., Washington, D.C. 20003 across from the historic Eastern Market. It is known for serving the best in delicious bar far with an extensive wine and beer list. *Id*. at ¶9.

13. Hawk n' Dove Entertainment LLC ("Hawk n' Dove") operates a venerable meeting place and quintessential American Bar known as Hawk 'n' Dove. Hawk 'n' Dove is located at 329 Pennsylvania Avenue, S.E., Washington, D.C. 20003. It serves true American Pub fare that satisfies without the fuss with ingredient coming from farms and ranches that do it old school, like Mother Nature intended. *Id*. at ¶10.

14. Lola's LLC ("Lola") operates the original quiet and classy bar on Barrack's Row known as Lola's Barracks Bar and Grill. Lola's Barracks Bar and Grill is located at 711 8th Street, S.E., Washington, D.C. 20003. It is known for its long bar, nice outdoor patio and rear patio. It also provides customers with a pool room and shuffleboard attic. It hosts many Capital Hill special events providing a cool and discreet atmosphere. *Id*. at ¶11.

15. Molly Malone's, LLC ("Molly Malone") operates an Irish pub and sports bar known as Molly Malone's. Molly Malone's is located at 713 8th Street, S.E., Washington, D.C. 20003. It has bars on two levels along with a patio right on Barrack's Row, a favorite for locals on Capitol Hill. It offers 50 beers on tap from local, American, and key European breweries, as well as all the favorites in bottles and cans. It is known for its great hamburgers, sandwiches, hand-breaded chicken, fresh chili and soups, and Irish specialties. *Id*. at ¶12.

16. Pacifico On Eighth LLC ("Pacifico") operates a Pacific-inspired Mexican restaurant known as Pacifico Cantina. Pacifico Cantina is located at 514 8th Street, S.E.,

Washington, D.C. 20003.  All food and drinks provided are handcrafted and made from scratch. Pacifico Cantina offers a seasonal rooftop patio that is popular when the weather is temperate. *Id*. at ¶13.

17. Senart's Oyster House LLC ("Senart") operates a classic and quaint take on a steak and oyster house known as Senart's Oyster & Chop House, located at 520 8th Street, S.E. Washington, D.C. 20003.  Senart's Oyster & Chop House has a classic vibe and a 20 seat marble top bar surrounded by Audry Bodine's captivating original 1940s and 50s photography. The oysters provided are shipped fresh daily, and patrons can custom build their platter from the ever rotating selection.  *Id*. at ¶14.

18. Stadium Sports LLC ("Stadium Sports") is in the final development stage of a new restaurant called Willie's Brew & 'Que.  Although it has not yet opened for business, Willie's Brew & 'Que is located at 300 Tingey Street, S.E., Washington, D.C. 20374.  *Id*. at ¶15.

19. The Debtors filed these bankruptcy cases because a payment was coming due on seller secured take-back financing that needs to be assessed for its validity and its terms need to be extended.  *Id*. at ¶16.

20. The success of the Debtors' operations during this bankruptcy is significantly dependent on the Debtors' ability to minimize disruptions to their workforce.  The relief sought by this Motion is essential to minimizing possible disruptions.

C.    **The Debtors' Employee Compensation Obligations**

21. In aggregate, the Debtors have approximately 200 employees, of whom approximately 175 are hourly and 24 are salaried.  *Id*. at ¶17.

22. The Debtors' restaurants employ chefs and other food preparers, servers, bartenders, host and hostesses, bussers, dishwashers, and managers.  Employees are the lifeblood of any restaurant business and the Debtors' employees perform a variety of critical tasks, including preparing and serving food, interacting with customers, ordering food, liquor and supplies, cleaning dishes and the restaurant premises, supervising other employees and other tasks.  *Id*. at ¶18.

23. The Debtors also employ a small headquarters staff who provide and manage corporate functions such as accounting and finance, marketing, human resources and other administrative duties. *Id*. at ¶19.

24. All employees receive payroll distributions on a bi-weekly basis. As of the Petition Date, the employees were owed five (5) days of unpaid prepetition compensation, which, in the normal course, would be paid on or about the Debtors' April 10, 2014 payroll. The total unpaid gross prepetition compensation owed to the Debtors' employees is as follows:[1]

| Company | Prepetition Wages |
|---|---|
| BRE | $4,658.10 |
| Canal Park | 4,139.35 |
| Eastern Market | 4,261.62 |
| Hawk 'N' Dove | 10,076.55 |
| Lola | 4,392.16 |
| Molly Malone | 6,291.92 |
| Pacifico | 4,504.81 |
| Senart | 4,302.07 |

*Id*. at ¶20.

25. In addition, eight of the Debtors owe 19 days of gross prepetition wages to their Chief Executive Officer Richard Cervera for the period March 10, 2014 through March 28, 2014. Each of the eight Debtor's obligation is $1,631.18 for this period of time. *Id*. at ¶21.

26. As disclosed above, no employee is owed unpaid prepetition compensation by any particular Debtor exceeding the $12,475.00 priority established under § 507(a)(4) of the Bankruptcy Code. *Id*. at ¶22.

27. Payroll and benefits are processed internally through the Debtors' accounting department. However, pay checks and all taxes have been processed through a third-party payroll service, Automatic Data Processing, Inc. ("ADP") in the ordinary course. *Id*. at ¶23.

---

[1] As of the Petition Date, neither Ent Group nor Stadium Sports owed any prepetition wages.

28. In the ordinary course of business, the Debtors also provide health insurance through Blue Cross Blue Shield for those employees that elect coverage. As of the Petition Date, there were no prepetition obligations owed by the Debtors with respect to the health insurance. *Id*. at ¶24.

29. The employees' collective knowledge, expertise and experience are essential to maintaining the Debtors' businesses as a going concern during these Cases. Indeed, without the continued commitment of the dedicated employees to the Debtors' operations, an effective reorganization would be jeopardized. *Id*. at ¶25.

30. In order to retain the employees, it is necessary to obtain the Court's permission to pay the employees the five days of unpaid prepetition compensation in the next scheduled check run of April 10, 2014 and to honor and continue all health insurance obligations.

Relief Requested

31. By this Motion, the Debtors seek authority, in their sole discretion, to pay certain outstanding prepetition payroll obligations owed to the employees, up to $12,475.00 per employee per estate, and to continue to honor, in the ordinary course of business and the exercise of their business judgment, the Debtors' prepetition compensation and benefit programs (collectively, the "Employee Obligations"). The relief requested herein is essential to maintain employee morale and productivity, thereby preventing unnecessary and harmful disruption in the operation of the Debtors' businesses as they endeavor to pursue a successful reorganization.

32. The Employee Obligations that the Debtors seek to pay constitute priority claims under § 507(a)(4) of the Bankruptcy Code to the extent of $12,374.00 per employee.

33. Consistent with applicable nonbankruptcy law, the Debtors seek to make all normal and customary withholdings and deductions from wages and other compensation paid to the employees, and to make all matching payments or contributions required under applicable law or otherwise made in the ordinary course of business, for the purpose of paying all

applicable taxes and other obligations normally associated with such payments, either directly or through another third-party payroll service provider.

34. The Debtors also seek authority to direct banks and other financial institutions to receive, process, honor and pay all checks presented for payment and electronic payment requests related to any Employee Obligations or, to the extent necessary, issue replacement checks or electronic fund transfers related to the Employee Obligations.

35. The relief requested herein is essential and necessary to maintain an essential workforce to the Debtors' continued operations in Chapter 11 and to minimize the personal hardship that the employees will suffer if prepetition employee-related obligations are not paid when due or as expected.

<u>Applicable Standards</u>

36. Pursuant to §§ 363(b) and 105(a) of the Bankruptcy Code and the "necessity of payment" doctrine, the Debtors seek authority to pay their outstanding Employee Obligations. Section 363(b)(1) provides: "The trustee, after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate." 11 U.S.C. §§ 363(b)(1).

37. Section 105(a) of the Bankruptcy Code further provides in pertinent part: "The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a).

38. Accordingly, this Court is authorized to grant the relief requested.

39. Section 105(a) of the Bankruptcy Code empowers the bankruptcy courts to authorize the immediate payment of prepetition claims when payment is essential to the survival of the debtor. Payments to current working employees have been found to be critical to the operation of the debtor. *In re Ionosphere Clubs, Inc.*, 98 B.R. 174, 177 (Bankr. S.D.N.Y. 1989).

40. The payment of prepetition wages arises from the necessity of payment doctrine which was adopted by the court in *In re Gulf Air, Inc.*, 112 B.R. 152 (Bankr. W.D. La. 1989). There, the court authorized prepetition payments to employees because the payments

were indispensable for any successful reorganization. Thus, the court authorized payment of all prepetition amounts due without reference to the statutory priority limit of Bankruptcy Code § 507(a)(3).[2]

41. Applying the necessity of payment doctrine, there is little doubt that certain payments such as employee salaries and benefits which are inherently necessary for the continued operations of the debtor and the possibility of a successful reorganization should be routinely authorized in orders prepared with the filing of the bankruptcy petition. *See, In re Seaman Furniture Co. of Union Square, Inc.*, 160 B.R. 40 (S.D.N.Y. 1993); *In re The Colad Group, Inc.*, 324 B.R. 208 (Bankr. W.D.N.Y. 2005); *In re CEI Roofing, Inc.*, 315 B.R. 50 (Bankr. N.D. Tex. 2004); *In re Hills Stores Co.*, 137 B.R. 4 (Bankr. S.D.N.Y. 1992).

42. In *In re Tusa-Expo Holdings, Inc.*, 2008 WL 4857954 (Bankr. N.D. Texas 2008) the bankruptcy court explained that a debtor's work force is almost always entitled to prepetition payment of wages and benefits. The court reasoned that the going-concern value of the debtor is dependent upon the continuity and performance of the debtor's work force, and that unsecured creditors are not disadvantaged by prepetition satisfaction of employees' claims for wages and benefits.

43. The Debtors' inability to pay the prepetition payroll would cause employees to endure significant stress and hardship and would most certainly adversely impact the continued operation of the Debtors' businesses. *See* Cervera Affidavit at ¶26.

44. The Debtors' employees are essential to a successful reorganization. Deterioration in employee morale and welfare at this critical time would harm the Debtors, the value of their assets and businesses and, ultimately, the Debtors' ability to reorganize. Accordingly, the relief sought is in the best interests of the Debtors' estates and their creditors, and would enhance the Debtors' ability to continue to operate their businesses with minimal disruption. *Id. at* ¶27.

---

[2] The current applicable Bankruptcy Code section concerning the statutory limit is § 507(a)(4).

45. If amounts owed are not paid or other benefits delayed, employees may suffer extensive personal hardship and in some cases will be unable to meet their "basic living" needs. This could cause significant harm to employees and their families and potentially make it difficult or impossible for them to continue working for the Debtors. *Id.* at ¶28.

46. The Debtors believe that to avoid the risk of employee resignations and to maintain employee morale, it is critical that the Debtors be authorized to pay each of its employees all compensation amounts that have been earned under the Debtors' prepetition contractual obligations or practices. *Id.* at ¶29.

47. Payment of the Employee Obligations will not prejudice other creditors of the Debtors' estates as the employees, in any event, are entitled to priority status under either §§ 507(a)(4) or (a)(5)(B) of the Bankruptcy Code with respect to such obligations and payment in full pursuant to a Chapter 11 plan. *See* 11 U.S.C. § 1129(a)(9)(B). None of the Debtors will pay any individual more than $12,475.00, the statutory cap provided in §§ 507(a)(4)(A) and (a)(5)(B) of the Bankruptcy Code.

48. Granting the relief requested would affect only the timing and not the amount of payment of the Employee Obligations to the extent they constitute priority claims. Many employees live from paycheck to paycheck and rely exclusively on receiving their full compensation and reimbursement of their expenses in order to continue paying their daily living expenses.

49. With respect to that portion of the Employee Obligations that constitutes "trust fund" taxes, the relevant authorities would hold a priority claim under § 507(a)(8) of the Bankruptcy Code with respect to such obligations. Moreover, the monies payable for trust fund taxes generally are not property of a debtor's estate. *See Begier v. Internal Revenue Serv.*, 496 U.S. 53, 67 (1990).

50. For the reasons set forth herein, the Debtors submit that payment of the Employee Obligations and the continuation of the specified related employment policies are necessary to the success of the Debtors' Chapter 11 cases and should be authorized by this Court.

<u>Satisfaction of Bankruptcy Rule 6003</u>

51.     Bankruptcy Rule 6003(b) empowers a court to grant a request of the debtor to pay all or part of a prepetition claim within the first twenty-one days after the Petition Date "to the extent that relief is necessary to avoid immediate and irreparable harm." Fed.R.Bankr.P. 6003.  For the reasons set forth above, the ability to honor the Employee Obligations immediately or when they come due in the ordinary course is necessary to avoid (a) disruption and risk to the Debtors' Chapter 11 cases, to the detriment of all parties, if the employees were to seek employment elsewhere and (b) hardships that the employees would suffer if the Employee Obligations were not paid.  Accordingly, the Debtors submit that they have satisfied the requirements of Bankruptcy Rule 6003 with respect to the relief requested in this Motion.

<u>Notice</u>

52.     Notice of this Motion has been given to the following parties or to their counsel, if known:  (i) the Office of the United States Trustee; (ii) the Debtors' prepetition secured lenders, and (iii) all parties identified on the Debtors' list of twenty largest unsecured creditors.  In light of the nature of the relief requested, the Debtors submit that no further notice is necessary.

53.     No previous motion for the relief sought herein has been made to this Court or to any other court.

<u>Statement Pursuant to Local Bankruptcy Rule 9013-1</u>

54.     Pursuant to Local Bankruptcy Rule 9013-1, the Debtors state that, in lieu of submitting a memorandum in support of this Motion, they will rely solely upon the grounds and authorities set forth herein.

WHEREFORE, the Debtors request that the Court enter an Order, substantially in the form attached hereto, granting the relief requested in the Motion and for such other relief as the Court deems just and proper.

          /s/ Lawrence J. Yumkas
Lawrence J. Yumkas, 425918
Lisa Yonka Stevens, 494631
Yumkas, Vidmar & Sweeney LLC
2530 Riva Road, Suite 400
Annapolis, Maryland 21401
(443) 569-0758
lyumkas@yvslaw.com

Counsel for Debtors

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 31st day of March 2014, notice of filing of the Debtors' Emergency Motion for Entry of an Order Authorizing Payment of Prepetition Wages and Compensation in the Ordinary Course (the "Motion") was sent electronically to those parties listed on the docket as being entitled to such electronic notices, and a copy of the Motion was mailed first class, postage prepaid to the parties on the attached service list.

                                                               /s/ Lawrence J. Yumkas
                                                               Lawrence J. Yumkas

National Capital Bank of Washington
316 Pennsylvania Avenue SE
Washington DC 20003

Andrea Gentile
1335 A Street SE, #D
Washington DC 20003

William A. Sport
10700 Caribbean Boulevard, Suite 201
Cutler Bay FL 33189

Xavier Cervera
1315 Independence Avenue SE, #6
Washington DC 20003

Office of the U.S. Trustee
115 South Union Street, Room 210
Alexandria, Virginia  22314

James M. Loots
Law Offices of James M. Loots PC
634 G Street SE, Suite 200
Washington, DC 20003-2728

Access Printing
8390 F Terminal Road
Lorton, VA 22079

Alsco, Inc.
713 Lamont Street, NW
Washington, DC 20010

AquaTerra Environments
500 Roosevelt Boulevard, Suite 16
Falls Church, VA 22044

Bacchus Importers Ltd.
1817 Portal Street
Baltimore, MD 21224

Capital Eagle, Inc.
2815 V Street, NE
Washington, DC 20018

Capital Seaboard
8005 Rappahannock Avenue
Jessup, MD 20794

DC WASA
5000 Overlook Avenue, SW
Washington, DC 20032

DC WASA
Customer Service Department
P. O. Box 97200
Washington, DC 20090

District Entertainment
3808 Roxbury Court
Alexandria, VA 22309

DOPS Inc.
116 Pates Drive
Fort Washington, MD 20744-4841

Eastern Safe & Lock Inc.
6826 Hill Park Drive
Lorton, VA 22079

Ecolab
P. O. Box 905327
Charlotte, NC 28290-5327

Ecolab Pest Elimination
370 N. Wabasha Street
Saint Paul, MN 55102

Fells Point Wholesale Meats
1600 South Monroe Street
Baltimore, MD 21230

Gingko Gardens, Inc.
911 11th Street, SE
Washington, DC 20003

Gladiz Produce Inc.
6309 Julie Place
Laurel, MD 20707

Gold Crust Baking Co.
6200 Columbia Park Road
Hyattsville, MD 20785

Guardian Fire Protection Services
7668 Standish Place
Derwood, MD 20855

Hop & Wine Beverages, LLC
22714 Glenn Drive, Suite 130
Sterling, VA 20164

Industrial Steam Cleaning, Inc.
15741 Crabbs Branch Way
Derwood, MD 20855

International Gourmet Foods
7520 Fullerton Road
Springfield, VA 22153

Kysela Pere Et Fils Ltd
331 Victory Road
Winchester, VA 22602

Ledroit Brands
249 Florida Avenue, NW
Washington, DC 20001

Legends Ltd.
6770 Moravia Park Drive
Rosedale, MD 21237

McLean Woodproducts, Inc.
25020 Willard
Chantilly, VA 20152

Micros Systems, Inc.
7031 Columbia Gateway Drive
Columbia, MD 21046

Nard's Entertainment Inc.
6821 Whittier Avenue
Mc Lean, VA 22101

Open Table, Inc.
1 Montgomery Street, Suite 700
San Francisco, CA 94104

Pascal & Weiss PC
1008 Pennsylvania Avenue SE
Washington, DC 20003

Premium Distributors of WDC, LLC
3500 Ft. Lincoln Drive, N.E.
Washington, DC 20018

Republic National Distributing Company
8201 Stayton Drive
Annapolis Junction, MD 20701

Rick Mott
4112 Chesapeake Street NW
Washington, DC 20016-4608

Roberts Oxygen
15830 Redland Road
Derwood, MD 20855

Samuels & Son Seafood Co., Inc.
3407 South Lawrence Street
Philadelphia, PA 19148

Sodibar Systems, Inc.
4601 Lydell Road
Hyattsville, MD 20781

Sysco
P. O. Box 20020
Harrisonburg, VA 22801-7520

The Country Vintner LLC
P. O. Box 1540
Ashland, VA 23005

Verizon
P. O. Box 646
Baltimore, MD 21265-0646

War Shore Oyster Company LLC
8229 Boone Boulevard, Suite 730
Vienna, VA 22182

Washington Wholesale Liquor Co., LLC
2800 V Street, NE, Unit E
Washington, DC 20018

Winebow, Inc.
1111 16th Street, NW, Suite 121
Washington, DC 20036

The following parties received
electronic notice of the filing:

Office of the U.S. Trustee
115 South Union Street, Room 210
Alexandria, Virginia  22314

The following parties received electronic
notice of the filing:

Office of the U.S. Trustee
115 South Union Street, Room 210
Alexandria, Virginia  22314