IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re: | * | |
| BARRACK'S ROW ENT GROUP LLC, *et al.*,[1] | * | Case Nos: 14-00167 through 14-00176 (Chapter 11) |
| Debtors | * | (Jointly Administered under Case No. 14-00167-SMT) |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

MOTION FOR 2004 EXAMINATION OF XAVIER CERVERA

Barrack's Row Ent Group LLC, and Stadium Sports LLC, debtors and debtors in possession in this jointly administered bankruptcy case, (the "Movants"), by counsel, file this Motion for 2004 Examination of Xavier Cervera (this "Motion") pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rule"). In further support of this Motion, the Debtors state as follows:

Background

**A.    Introduction**

1.    On March 28, 2014 (the "Petition Date"), the Movants, along with other affiliates identified in footnote 1 below (together, the "Debtors"), each filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code. The Debtors continue to manage and operate their businesses as debtors in possession pursuant to §§ 1107(a) and 1108 of the Bankruptcy Code.

2.    On April 2, 2014, the Court entered an Order Granting Debtors' Motion for Joint Administration directing the joint administration of the Debtors' bankruptcy cases under Case No. 14-00167-SMT.

3.    No official committee of unsecured creditors has been appointed.

---

[1] The Debtors in these Chapter 11 bankruptcy cases are Barrack's Row Ent Group LLC (Case No: 14-00167), Barracks Row Entertainment LLC (Case No: 14-00168), Canal Park Entertainment LLC (Case No: 14-00169, Eastern Market Entertainment LLC (Case No: 14-00170), Hawk n' Dove Entertainment LLC (Case No: 14-00171), Lola's LLC (Case No: 14-00172), Molly Malone's LLC (Case No: 14-00173), Pacifico On Eighth LLC (Case No: 14-00174), Senart's Oyster House LLC (Case No: 14-00175), and Stadium Sports LLC (Case No: 14-00176).

4.     No request for a trustee or examiner has been made in the Debtors' Chapter 11 cases (the "Cases").

B.     **Overview of the Debtors' Businesses**

5.     Debtor Barracks Row Ent Group, LLC (the "Parent") owns eight affiliated debtors (the "Subsidiaries"), seven of which operate restaurants and an eighth, Stadium Sports, LLC, which, as of the Petition Date, was nearing completion of construction of its Willie's Brew and 'Que restaurant ("Willie's") near the Nationals' Stadium at the Navy Yards.

6.     The Debtors filed these bankruptcy cases because a payment was coming due on seller secured take-back financing (the "Seller Financing") that the Debtors did not have sufficient funds on hand to pay, and to give the Debtor breathing room to reorganize its finances and assess the validity of the Seller Financing.

7.     Xavier Cervera ("Mr. Cervera") is one of three prior owners of the Debtors and holds a Seller Financing note from the Debtors as well as a promissory note purporting to compensate him for some combination of a non-compete agreement, a fee for services for supervising construction of new restaurants, including Willie's, and for services as a consultant who oversaw the Debtors' restaurants from August 2013 to the Petition Date.

8.     The collateral for the Seller Financing was, in large part, a security interest in the Parent's member interests in the Subsidiaries. A payment default by the Debtors on the take-back financing would have resulted in the sellers taking back ownership of the Subsidiaries.

9.     The Movants have reason to believe that an examination of Mr. Cervera will shed light on the Debtors' finances for the period from three years prior to the Petition Date through July 31, 2013, and the period from August 1, 2013 to the Petition Date, a period seemingly marked by a lack of transparency, of declining margins, of inadequate cash management, of inadequate cost controls, of inadequate employee supervision, of potential accounting irregularities, of potentially improper payments to or for the benefit of insiders, including Mr. Cervera. The Debtors also have reason to examine Mr. Cervera because of a disturbing apparent pattern of behavior by the sellers to cause harm to the Debtors to ensure that,

having received over $4.5 million in cash from their sale of the Debtors to the current owners, the Debtors would under-perform, thus preventing them from being able to timely make the next Seller Financing payment. If a payment default occurred, it would have enabled the sellers to retake the Subsidiaries in short order. The Movants also now have reason to question the validity of the financial information provided to them by the Sellers in order to induce them to purchase the Subsidiaries from the Sellers.

10. Conducting an examination of Mr. Cervera is critical to the administration of the Debtors' bankruptcy estates and to an understanding of the Debtors' financial affairs. The Seller Financing claims are the largest potential claims against the Debtors. In order to craft a feasible plan of reorganization, the Debtors need to understand the validity, or the lack thereof, of the Seller Financing and Mr. Cervera claims, and whether the Debtors have damage claims against the sellers for harm caused to the Debtors. Mr. Cervera possesses facts that are material to the Debtors' quest for this relevant information.

11. Because of his multiple roles as developer of the Debtors' restaurants and manager of the restaurants prior to January 2013, and from August 2013 to the Petition Date, it is imperative for the Debtors to examine Mr. Cervera to obtain information relating to the Debtors' prepetition finances and the finances relating to the construction of Willie's. To date, although Mr. Cervera has spent the Debtors' funds getting Willie's close to completion of construction, he has failed and refused to provide any accounting relating to it. The Debtors are concerned that its funds may have been taken and used for non-Debtor purposes and are similarly concerned that Mr. Cervera has not funded his contractual obligation for the construction of Willie's. In order to analyze the merits of completing construction and opening of Willie's, it is imperative that the Movants have the chance to conduct an examination of Mr. Cervera pursuant to Bankruptcy Rule 2004. Given his lack of cooperation, Mr. Cervera is preventing the Debtors from obtaining critical information needed in order to determine whether Willies should be completed and opened and whether the Debtors have causes of action to pursue against Mr. Cervera and/or others for the return to the Debtors of possibly misspent funds.

12. Moreover, an examination of Mr. Cervera is expected to reveal extensive knowledge about the Debtors, their books and records, financial conditions, and actions and, in particular, whether there are additional causes of action that the Debtors' estates may have against third parties. For example, upon information and belief, Mr. Cervera continues to possess valuable property belonging to the Debtors and has failed or refused to turn over such property in response to the Debtors requests that he do so.

13. Bankruptcy Rule 2004 provides that, on motion of any party in interest, the Court may authorize that party to examine any entity on issues relating to the acts, conduct, or property or to the liabilities and financial condition of the a debtor, or to any matter that may affect the administration of a Debtors' estate, or to the Debtors' right to a discharge, and to any other matter relevant to the case.

14. A 2004 examination of Mr. Cervera is appropriate because a third party who has a relationship with a debtor may be subject to a Bankruptcy Rule 2004 examination in order to aid in discovery of assets. *See generally, In re Watkins*, 2010 WL 5420263 at *1 (Bankr. D. D.C. Dec. 23, 2010) ("Rule 2004 examinations, however, are not limited to debtors. Rule 2004 authorizes, among other things, the examination of an entity relating to "any matter which may affect the administration of the debtor's estate...." Rule 2004(b).); *see also In re Vox II, LLC*, 2008 WL 596697 (Bankr. D. Md. Mar. 4, 2008) ("Ordinarily, Rule 2004 examinations are granted as a matter of course").

15. An examination of Mr. Cervera and of the documents produced by him will enable the Debtors and their creditors to better understand acts and conduct that will shed light on the property and financial condition of the Debtors and matters that will affect the administration of the Debtors' estates.

WHEREFORE, for the reasons set forth in this Motion, the Debtors request that this Court enter an Order:

      A.      Directing Mr. Cervera to timely respond to the Request for Production of Original Documents, attached hereto as **Exhibit 1**, within fifteen (15) days after service of the Order granting this Motion and the service of a subpoena for same;

      B.      Directing Mr. Cervera to appear for oral examination or examinations, under oath in accordance with Bankruptcy Rule 2004, at the offices of Latham & Watkins LLP, 555 Eleventh Street, NW, Suite 1000, Washington, D.C. 20004-1304 on dates scheduled by mutual agreement of the parties, or, failing that, on not less than fifteen (15) days' notice given by the Debtors; and

      C.      Granting such other and further relief as this case may require and the Court deems just and appropriate.

      /s/ Lawrence J. Yumkas
Lawrence J. Yumkas, 425918
Lisa Yonka Stevens, 494631
Yumkas, Vidmar & Sweeney LLC
2530 Riva Road, Suite 400
Annapolis, Maryland 21401
(443) 569-0758
lyumkas@yvslaw.com

Counsel for Debtors

## CERTIFICATE OF SERVICE

I hereby certify that on this 22nd day of April 2014, notice of filing the Debtors' Motion for 2004 Examination of Xavier Cervera (the "Motion") was sent electronically to those parties listed on the docket as being entitled to such electronic notice, and a copy of the Motion was mailed first class, postage prepaid to the parties on the attached service list.

      /s/ Lawrence J. Yumkas
Lawrence J. Yumkas

Xavier Cervera
2516 Q Street NW, #304
Washington DC 20007

The following parties received
electronic notice of the filing:

Joseph A. Guzinski, Esquire
Office of the U.S. Trustee
115 South Union Street, Room 210
Alexandria, Virginia  22314

Tracey Michelle Ohm, Esquire
Stinson Leonard Street LLP
1775 Pennsylvania Ave., NW, Suite 800
Washington, DC  20006