# EXHIBIT 1

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| In re: | * |
| BARRACK'S ROW ENT GROUP LLC, *et al.*,[1]* | Case Nos: 14-00167 through 14-00176 (Chapter 11) |
| Debtors    * | (Jointly Administered under Case No. 14-00167-SMT) |
| * | |

\* \* \* \* \* \* \* \* \* \* \* \*

REQUEST FOR PRODUCTION OF ORIGINAL DOCUMENTS

To:   Xavier Cervera

Barrack's Row Ent Group LLC and Stadium Sports LLC, debtors and debtors in possession in this jointly administered bankruptcy case, (the "Movants"), by counsel, pursuant to Rules 2004, 9014 and 7034 of the Federal Rules of Bankruptcy Procedure, hereby requests that Xavier Cervera produce a written response to this Request for Production of Original Documents, and produce the following documents and permit the Debtors and their attorneys to inspect and copy the original of each such document.  The production of such documents shall be at the offices of Yumkas, Vidmar & Sweeney, LLC, 2530 Riva Road, Suite 400, Annapolis, Maryland 21401, on or before the close of business on the first business day following the thirtieth (30th) day after entry by the Court of an Order granting the Debtors' Motion for 2004 Examination of Xavier Cervera.

Instructions and Definitions

A.    All requests for production, inspection, and copying of documents are continuing in nature so as to require you to produce and permit inspection and copying of any additional documents or other clarifying or corrected information that may come into your possession at any time.

B.    As used herein, the term "document"  is used in the broadest possible sense and is intended to include all types of recorded information in your possession, custody or control or of which you have knowledge, wherever located, however produced or reproduced, whether transcribed by hand or by some mechanical, electronic, photographic or other means,

---

[1] The Debtors in these Chapter 11 bankruptcy cases are Barrack's Row Ent Group LLC (Case No: 14-00167), Barracks Row Entertainment LLC (Case No: 14-00168), Canal Park Entertainment LLC (Case No: 14-00169, Eastern Market Entertainment LLC (Case No: 14-00170), Hawk n' Dove Entertainment LLC (Case No: 14-00171), Lola's LLC (Case No: 14-00172), Molly Malone's LLC (Case No: 14-00173), Pacifico On Eighth LLC (Case No: 14-00174), Senart's Oyster House LLC (Case No: 14-00175), and Stadium Sports LLC (Case No: 14-00176).

and whether or not the original is now in existence, and includes the original and all copies and drafts prepared in connection with such document, regardless of the manner in which those copies or drafts were prepared or whether they were ever used, and further includes, but is not limited to: electronic communications, books, records, letters, correspondence, notebooks, bulletins, forms, deposition transcripts, contracts, agreements, certificates, minutes, reports, studies, charts, graphs, analyses, statistical records, ledgers, journals, receipts, canceled checks, statements, videotapes, sound and/or tape recordings, memoranda (including any type or form of notes, memoranda or sound recordings of personal thoughts, recollections or reminders, or of telephone or other conversations, or of acts, activities, agreements, meetings or conferences), photostats, microfilm, microfiche, inter-office or intra-office communications, canceled tickets, diaries, calendars or desk pads, stenographers' notebooks, appointment books, and other papers or matters similar to any of the foregoing, however, denominated, whether received by you or prepared by for your own use or transmittal. If a document has been prepared in several copies, or additional copies have been made, and copies are not identical (or which, by reason of subsequent modifications or notation, are no longer identical), each non-identical copy is a separate "document".

   C. As used herein, the term "communicate" or "communication" shall mean any manner of disclosure, transfer, exchange, and any disclosure, transfer or exchange of information whether orally or by document, or whether face to face, by telephone, electronic mail, mail, facsimile or personal delivery, etc.

   D. The phrase "Debtors" shall mean all of the debtor entities identified in Footnote 1 herein.

   E. The phrase "each and every document" shall mean each and every document that can be designated and/or located by the use of reasonable diligence, whether located on premises owned or controlled by you and/or elsewhere.

   F. The phrase "all documents" shall mean each and every document within a stated category known to you and/or each and every document that can be designated and/or located by the use of reasonable diligence.

   G. You are directed to produce not only those documents in your own possession, custody or control, but also those documents reasonably available to you, including those in the custody or control of present or former attorneys, agents or other persons acting on your behalf.

   H. If particular documents requested are not available or no longer exist, state the precise reasons for their unavailability or nonexistence. If particular documents requested are unavailable because they are not in your possession, identify their location and from whom they may be obtained.

   I. The terms "you" and "your" refer to Xavier Cervera, as well as his agents, servants, employees, representatives, accountants, and, unless privileged, attorneys.

   J. The term "person" shall mean in the plural as well as the singular, any natural person, firm, association, partnership, corporation, joint venture, or other business or legal entity, unless the context indicates others.

   K. The term "Petition Date" shall mean March 28, 2014.

   L. A document "relating" or which "relates" to any given subject means any document that constitutes, contains, embodies, evidences, reflects, identifies, states, refers to,

deals with, or is in any way pertinent to that subject, including, without limitation, documents concerning the preparation of other documents.

      M.    If you object to any portion of a request, produce all documents called for by that request to which you do not object.

      N.    With regard to any document withheld on any claim of privilege, identify each such document in your response to this Request for Production of Original Documents, including the author of the document and the addresses, if any, of the person or persons to whom copies were furnished, the date and subject matter of the document, the person or persons who currently have possession of the original and/or copies or drafts thereof, and the basis for any claim of privilege.

      O.    Throughout this request, the singular shall include the plural and the plural shall include the singular; the functional words "each", "any" and "all" shall be deemed to include each of the other functional words.

### Documents to Be Produced

1. All documents and/or communications relating to the transfer of the Debtors' assets to you and/or to any other third party other than trade vendors in the three years prior to the Petition Date.

2. All documents and/or communications relating to any contracts or agreements you had with any of the Debtors in the three years prior to the Petition Date.

3. All documents and/or communications relating to work performed by you for the Debtors from January 1, 2013 through the Petition Date.

4. All documents and/or communications relating to the Debtors' income, expenses, profits, losses, assets and liabilities from January 1, 2010 through the Petition Date.

5. All documents and/or communications relating to plans, specifications, contracts, subcontracts, material/equipment agreements, consulting agreements, change orders bills, invoices, payments and other documents relating to the construction, renovation, repair and maintenance of Debtors' restaurants.

6. All documents and communications relating to proof of your legal name and all other names used by you.

7. All documents and communications relating to the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which you were an officer, director, partner, or managing executive of a

corporation, partner in a partnership, sole proprietor, or were self-employed in a trade, profession, or other activity either full- or part-time within the three years preceding the Petition Date, or in which you owned five percent or more of the voting or equity securities within the three year period preceding the Petition Date.

8. All documents and/or communications establishing that you have any right to use, own, possess, and/or control the Debtors' assets in the three years prior to the Petition Date.

9. All documents and/or communications relating to the transfer of any assets by you to the Debtors in the three years prior to the Petition Date.

10. All documents and/or communications (including, but not limited to, emails, text messages and cell phone records) relating to the Debtors between you and Paul Sargeant and/or Jeremy Magnarelli and/or Janelle Galetta on or since the Petition Date.

11. All documents and/or communications (including, but not limited to, emails, text messages and cell phone records) relating to the Debtors between you and Andi Gentile and/or William Sport on or since the Petition Date.

12. All documents and/or communications relating to the Debtors with any employee of the Debtors on or since the Petition Date,

13. All documents and/or communications relating to the transfer of any assets by the Debtors to you and/or to any other third party other than trade vendors, in the three years prior to the Petition Date.

14. All documents and/or communications relating to and evidencing loans from the Debtors to you and/or to any other third party in the three years prior to the Petition Date.

15. All documents and/or communications relating to loans made by you to the Debtors in the three years prior to the Petition Date.

16. All documents and/or communications evidencing any money you owe to the Debtors.

17. All documents and/or communications related to sales of the Debtors' assets in the three years prior to the Petition Date.

18. All documents and/or communications related to sales by you of assets that were, at one time, owned by the Debtors.

19. All documents and/or communications regarding funds paid for the construction of Willie's Brew and 'Que.  This request includes, but is not limited to details regarding the form of payment, sources of payment, expenses incurred, what the payments were directed towards, dates, and financial institutions involved with the funding of Willie's Brew and 'Que.

20. All documents and/or communications regarding the sources and uses of all funds related to the building, improvements and/or construction related to all of the restaurants.

21. All documents and/or communications evidencing compliance with applicable building codes and standards for the Debtors restaurants.

22. All documents and/or communications evidencing any and all inter-company transfers from entities owned, operated and/or controlled by William A. Sport to the Debtors.

23. All documents and/or communications evidencing the application of the proceeds at closing from the purchase agreement and resulting promissory notes, dated on or about December 31, 2012.

24. All documents and/or communications relating to and/or which led to the Debtors' termination of its CEO in August 2013.

25. All documents and/or communications (including, but not limited to, emails, text messages and cell phone records) with William Sport relating to the Debtors, the sale of the Debtors, the financing of the sale of the Debtors, and distributions from the Debtors in the three year period prior to the Petition Date.

26. All documents and/or communications (including, but not limited to, emails, text messages and cell phone records) with Andi Gentile relating to the Debtors, the sale of the Debtors, the financing of the sale of the Debtors, and distributions from the Debtors in the three year period prior to the Petition Date.

27. All documents and/or communications, including cell phone records, with James Loots relating to the Debtors, the sale of the Debtors, the financing of the sale of the Debtors, and distributions from the Debtors in the three year period prior to the Petition Date up to January 1, 2013.

28. All documents and/or communications between you and any current and former employees of the Debtors or prior entities.

29. All postings that you posted or directed the posting of on Yelp and/or other social media relating to the Debtors.

30. All documents and/or communications regarding the liquor license applications for all Debtors.

31. All documents and/or communications identifying all sources of funds for construction of the Debtors' restaurants.

32. All bank account information used in any manner related to the Debtors, including but not limited to funds transferred to or from, deposits made, loan payments made, other payments or receipts of any manner.

33. All tax filings by you during the time period that you were an owner or officer of the Debtors and/or their related entities or predecessors, including but not limited to District of Columbia filings and W-2 forms.

34. All documents and/or communications evidencing any and all benefits and/or gifts you received from the Debtors, including wages, commission, profits, housing, improvements to housing, etc.

35. All documents and/or communications regarding funds paid to contractors or related parties employed to render services to the Debtors and those same contractors or

related parties that performed any services for you to your personal property or real property. This includes information related to offsets, discounts or gifts received by you from such contractors or related parties. Include in your response the identity of the parties in detail with name, phone number and email address.

36. All documents and/or communications regarding travel by you for the period January 1, 2012 to present for travel occurring between the District of Columbia, Florida, Maine, South Carolina and any other market associated with the Debtors or their current and/or former owners.

37. All documents and credit card statements for any bills paid by the Debtors in any manner. This includes corporate credit cards as well as personal credit cards.

38. All documents and/or communications with National Capital Bank related to the Debtors or their prior entities. This includes, but is not limited to emails, phone calls, personal visits, loan applications, compliance, and financial statements for all parties, delinquency notices, etc.

39. All documents and/or communications evidencing applications or communications made with any other lender regarding the Debtors, including, but not limited to First Virginia Commonwealth Bank and any private party approached about investing in any of the Debtors or related entities.

40. All documents and/or communications (including, but not limited to, emails, text messages and cell phone records) obtained on the background of Richard Cervera, William Nimmo, Michael or Edward Chueng, Greg Cotter, Adrian Mischak or any other party related to the Debtors, as well as your responses to any investigations and/or results of searches, etc.

41. All documents and/or communications regarding the sale documents related to Norman's restaurant or bar in Miami Beach, Florida. Please provide details as the ownership of the business, including all persons involved in the ownership or operations, payments made and by whom, and purchaser information.

42. All documents identifying any lawsuits or criminal proceedings against you actions, current or otherwise, against you.  Please provide details as to the court, dates, and disposition

43. All documents and/or information from the period between December 31, 2012 and the Petition Date where you discussed the possibility of retaking the collateral securing the Seller Financing.

     /s/ Lawrence J. Yumkas
Lawrence J. Yumkas, 425918
Lisa Yonka Stevens, 494631
Yumkas, Vidmar & Sweeney LLC
2530 Riva Road, Suite 400
Annapolis, Maryland 21401
(443) 569-0758
lyumkas@yvslaw.com

Counsel for Debtors

## CERTIFICATE OF SERVICE

I hereby certify that on this 22nd day of April 2014, notice of filing the Request for Production of Original Documents (the "Request") was sent electronically to those parties listed on the docket as being entitled to such electronic notice and a copy of the Request was mailed first class, postage prepaid to the parties on the attached service list.

      /s/ Lawrence J. Yumkas
Lawrence J. Yumkas

Xavier Cervera
2516 Q Street NW #304
Washington DC 20007

The following parties received
electronic notice of the filing:

Joseph A. Guzinski, Esquire
Office of the U.S. Trustee
115 South Union Street, Room 210
Alexandria, Virginia  22314

Tracey Michelle Ohm, Esquire
Stinson Leonard Street LLP
1775 Pennsylvania Ave., NW, Suite 800
Washington, DC  20006